UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**SYLVESTER BAILEY,**  **CASE NO.:**

    **Plaintiff,**

vs.

**INTEGRITY JANITORIAL
CLEANING SERVICES, INC., A
GEORGIA CORPORATION,**

    **Defendant.**

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SYLVESTER BAILEY, by and through the undersigned attorney, sues the Defendant, INTEGRITY JANITORIAL SERVICES, INC., a Georgia Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked as an hourly paid floor tech for Defendant from

approximately October 2011 to October 2013.

3. Plaintiff worked for Defendant in Atlanta, Georgia, among other locations.

4. Defendant, INTEGRITY JANITORIAL SERVICES, INC., is a Georgia Corporation that operates and conducts business in, among other locations, Atlanta, Georgia and is therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendant, Defendant, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were cleaning supplies, vehicles, floor equipment and supplies, office equipment and furniture, as well as

numerous other goods, materials and supplies which had been carried in interstate commerce.

10. Therefore, Defendant, INTEGRITY JANITORIAL SERVICES, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **FLSA Violations**

11. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff for all hours worked by him.

12. Specifically, Defendant would deduct hours from Plaintiff's time cards and would clock out Plaintiff for certain periods of the day even though Plaintiff was still working.

13. Additionally, in some weeks where Defendant did actually pay Plaintiff for some overtime hours, Plaintiff was only paid his regular rate for such hours and not his overtime rate of pay.

14. As a result of these pay practices, Plaintiff has not been paid complete overtime compensation for some overtime hours and has not been paid any overtime compensation for most overtime hours actually worked by him.

15. Furthermore, in some weeks, Defendant cut Plaintiff's pay so precipitously that Plaintiff's regular rate of pay fell below minimum wage, resulting

in a minimum wage violation.

16. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

17. Prior to the filing of this lawsuit, Plaintiff's counsel contacted Defendant via demand letter. Plaintiff and Defendant initially agreed to an amount for the unpaid wages, but Defendant failed to consummate and finalize the original agreement.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff was entitled to be paid overtime compensation for his overtime hours worked.

20. During his employment with Defendant, Plaintiff was not paid anything for all overtime hours worked and was not paid complete overtime compensation for other overtime hours actually paid. *See* ¶¶ 11-14.

21. Defendant did not have a good faith basis for its decision to not pay Plaintiff for all hours worked.

22. As a result of Defendant's intentional, willful and unlawful acts in

refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys', fees and costs.

23. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

24. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SYLVESTER BAILEY, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGE COMPENSATION

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

26. Plaintiff was entitled to be paid the proper minimum wage for all hours worked.

27. During his employment with Defendant, Defendant cut Plaintiff's pay so much in some weeks that his regular rate of pay did not equal the applicable minimum wage.

28. Defendant did not have a good faith basis for its decision to not pay Plaintiff the proper minimum wage for all hours worked.

29. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff complete minimum wage compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, SYLVESTER BAILEY, demands judgment against Defendant for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 1st day of December, 2014.

/s/
_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*